UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GABINO GENAO,<br><br>                    Plaintiff,<br><br>     -v-<br><br>CITY OF NEW YORK; C.O MARSHA LYNCH; C.O. DREW WILLIAMS; C.O. ANTHONY MORALES JR.; CAPT. PHILLIPS; C.O. KRISTINA FORD, RHU DR. HO; and CAPT. KEISHA LEMON,<br><br>                    Defendants. | CIVIL ACTION NO.: 20 Civ. 6507 (PGG) (SLC)<br><br>**ORDER** |

**SARAH L. CAVE,** United States Magistrate Judge:

## I. INTRODUCTION

Before the Court are: (i) a request by pro se Plaintiff Gabino Genao for the appointment of pro bono counsel (ECF No. 73 (the "Application")); and (ii) Defendants' letter-motion to compel Mr. Genao's response to Defendants' First Set of Interrogatories and Requests for Production of Documents (ECF No. 77 (the "Motion to Compel")).[1] For the reasons below, the Application is DENIED WITHOUT PREJUDICE, and the Motion to Compel is GRANTED, to the extent that the Court directs Mr. Genao to respond by **Friday, April 29, 2022**.

## II. BACKGROUND

### A. Factual Background

Mr. Genao is a pretrial detainee incarcerated at the North Infirmary Command Facility operated by the New York City Department of Correction ("DOC") at Rikers Island. (ECF No. 39).

---

[1] Defendants refers collectively to the City of New York ("City"), Correction Officers ("CO") Marsha Lynch, Drew Williams, Anthony Morales Jr., and Kristina Ford, Captains Philips and Keisha Lemon, and "Dr. Ho." (ECF No. 46).

He asserts claims under 42 U.S.C. § 1983 ("Section 1983") alleging that Defendants violated his federal constitutional rights. (ECF No. 46 (the "Amended Complaint")). In the Amended Complaint, he alleges, inter alia, that on October 25, 2018, while he was detained in the George R. Vierno Center ("GRVC"), several DOC officers wrongfully caused him to be transferred to a different housing area, "deliberately plac[ing] [him] in a dangerous situation." (ECF No. 46 at ¶ 6). As a result, Mr. Genao claims he "had to cause a disruption in order to leave housing area safely" and "got into an altercation with the inmate closest to [him]." (Id.) Mr. Genao states that after this incident he was "wrongly placed . . . in [Punitive Segregation], [Enhanced Restraint Housing] and [Enhanced Supervision Housing] for a total of 200 days." (Id. at ¶ 15). He further alleges that Dr. Ho was deliberately indifferent "to [Mr. Genao's] mental health status and long history of suicidal acts[.]" (Id. at ¶ 17). He seeks monetary damages and declaratory relief. (Id. at 14).

### B. Procedural Background

On August 13, 2020, Mr. Genao commenced this action against the City and DOC staff.[2] (ECF No. 1). On September 3, 2020, Mr. Genao filed an application to proceed in forma pauperis ("IFP"), in which he declared he has only $0.26 "in cash or in a checking, savings, or inmate account[.]" (ECF No. 5). On September 21, 2020, the Honorable Colleen McMahon granted Mr. Genao's IFP application. (ECF No. 6). On October 15, 2020, the Honorable Paul G. Gardephe[3]

---

[2] In addition to the City, the Complaint named Captain Lemon and COs Williams, Lynch, Morales, and Ford, although Mr. Genao omitted their first names. (ECF No. 1 at 1). Mr. Genao also named "GRVC Warden Jane/John Doe." (Id.) In the Amended Complaint, Mr. Genao dropped "GRVC Warden Jane/John Doe" and added Dr. Ho, whose first name is omitted. (EF No. 46 at 1). On August 12, 2021 Dr. Ho's waiver of service was returned unexecuted. (ECF No. 58).
[3] On October 14, 2020, this case was reassigned to Judge Gardephe. (See ECF min. entry Oct. 14, 2020).

issued an Order referring the case to me for General Pretrial Supervision. (ECF No. 11). On October 21, 2020, the Court issued an Order of Service directing that: (i) Defendants City, Williams, Lynch, Morales, Ford, Lemon, Phillips, and the Warden of GRVC, waive service of summons pursuant to Fed. R. Civ. P. 4(d); and (ii) specifying that Local Civil Rule 33.2 applies to this action. (ECF No. 13).

On March 8, 2021, the Court directed Mr. Genao to file a letter-motion requesting leave to amend the complaint, along with the proposed amended complaint. (ECF No. 31). On May 11, 2021, Mr. Genao filed an amended complaint. (ECF No. 46 (the "Amended Complaint")). On June 25, 2021, the City and CO Ford filed an Answer to the Amended Complaint. (ECF No. 51). On July 22, 2021, the Court (i) directed COs Lynch, Williams, and Morales, Captains Phillips and Lemon, and Dr. Ho to waive service of summons pursuant to Fed. R. Civ. P. 4(d), and (ii) set April 15, 2022 as the deadline to complete fact discovery. (ECF No. 54). On October 15, 2021, COs Williams, Lynch, and Morales, and Captain Lemon filed an Answer to the Amended Complaint. (ECF No. 61). On November 15, 2021, Captain Phillips filed an Answer to the Amended Complaint. (ECF No. 62).

On January 27, 2022, Mr. Genao filed the Application. (ECF No. 73). On March 2, 2022, the Court extended the fact discovery deadline to May 16, 2022. (ECF No. 76). On March 10, 2022 Defendants filed the Motion to Compel, claiming that Mr. Genao failed to serve responses to Defendants' First Set of Interrogatories and Requests for Production of Documents (the "Discovery Demands") by the December 20, 2021 deadline to do so. (ECF No. 77). Defendants request an order compelling Mr. Genao to respond to the Discovery Demands by a date certain, and warning Mr. Genao that his case may be dismissed for failure to prosecute. (Id. at 2–3).

On March 11, 2022, the Court directed Mr. Genao to respond to the Motion to Compel by March 18, 2022.  (ECF No. 78).  To date, Mr. Genao has not done so.

### III. DISCUSSION

#### A. The Application

##### 1. Legal Standard

Pursuant to Supreme Court and Second Circuit precedent, the Court must liberally construe pro se pleadings.  Erickson v. Pardus, 551 U.S. 89, 94 (2007); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009); Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474–75 (2d Cir. 2006).

Litigants unable to pay for counsel do not have a constitutional right to counsel in civil actions.  Davila v. Doar, No. 07 Civ. 5767 (SHS) (DF), 2008 WL 4695004, at *2 (S.D.N.Y. Oct. 22, 2008).  Even if a court does believe that a litigant should have free counsel, under the IFP statute, a court has no authority to "appoint" counsel, but instead may only "request" that an attorney volunteer to represent a litigant.  Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa, 490 U.S. 296, 301–10 (1989); 28 U.S.C. § 1915(e)(1); 28 U.S.C.A. § 1915 ("The court may request an attorney to represent any person unable to afford counsel.") (emphasis added).

Moreover, for the good of the public and because courts do not have funds to pay counsel in civil matters, courts must request the services of pro bono counsel sparingly and preserve the "precious commodity" of volunteer-lawyer time for those litigants whose causes are truly deserving.  Cooper v. A. Sargenti Co., 877 F.2d 170, 172–73 (2d Cir. 1989).  The Court may grant pro bono counsel to a person who cannot afford one if his or her "position seems likely to be one of substance."  Hendricks v. Coughlin, 114 F.3d 390, 392 (2d Cir. 1997) (citation omitted)).

4

The Court must consider "the merits of plaintiff's case, the plaintiff's ability to pay for private counsel, [plaintiff's] efforts to obtain a lawyer, the availability of counsel, and the plaintiff's ability to gather the facts and deal with the issues if unassisted by counsel." Cooper, 877 F.2d at 172 (2d Cir. 1989); see Hodge v. Police Officers, 802 F.2d 58, 60–62 (2d Cir. 1986) (noting that the Court should consider the litigant's ability to investigate the facts, need for cross-examination, complexity of the issues, and any special reason why appointment of counsel would more likely lead to a just determination). Of these, "[t]he factor which command[s] the most attention [is] . . . the merits." Cooper, 877 F.2d at 172. As noted fifteen years ago by the Second Circuit:

> Courts do not perform a useful service if they appoint a volunteer lawyer to a case which a private lawyer would not take if it were brought to his or her attention. Nor do courts perform a socially justified function when they request the services of a volunteer lawyer for a meritless case that no lawyer would take were the plaintiff not indigent.

Cooper, 877 F.2d at 174. Accordingly, the Second Circuit has stated that "counsel is often unwarranted where the [pro se litigant's] chances of success are extremely slim, and advised that a district judge should determine whether the pro se litigant's position seems likely to be of substance, or showed some chance of success." Ferrelli v. River Manor Health Care Ctr., 323 F.3d 196, 204 (2d Cir. 2003) (internal citation omitted). It is important that "[pro se] litigants seeking appointed counsel [] first pass the test of likely merit." Id. (internal citation omitted). Although the Court should not appoint counsel "indiscriminately," a plaintiff need not demonstrate that her claims would survive a motion to dismiss or for summary judgment, but need only satisfy a "threshold showing of merit." Hendricks, 114 F.3d at 394.

5

### 2. Analysis

Based on Mr. Genao's IFP status (see ECF No. 6), the Court concludes that Mr. Genao is unable to pay for private counsel. The Court cannot, however, conclude from the information set forth in the Application that Mr. Genao has made the efforts necessary to demonstrate that he is "unable to obtain counsel." Hodge, 802 F.2d at 61. In the Application, Mr. Genao argues he should be appointed pro bono counsel because this is "a factually complex case[,]" he "has no ability to investigate the facts[,]" and "as a segregation inmate, has extremely limited access to the law library." (ECF No. 73 at 1–4). Mr. Genao does not explain any specific efforts he has undertaken to obtain counsel, the number of attorneys, if any, he has attempted to contact, or why he cannot litigate the case without counsel. (ECF No. 73). Rather, Mr. Genao points only to "the factual complexity" of the case and his lack "of ability to investigate the facts." (Id.) As a result, he has not yet demonstrated the efforts necessary to justify the Court seeking out a volunteer attorney on his behalf. See McCray v. Lee, No. 16 Civ. 1730 (KMK), 2020 WL 4229907, at *3 (S.D.N.Y. July 23, 2020) ("Plaintiff mentions no efforts whatsoever to obtain counsel. This failure . . . is determinative.") (internal citation omitted); see also Hatches v. Cipollini, No. 17 Civ. 6053 (PMH), 2020 WL 8620027, at *2 (S.D.N.Y. Sep. 22, 2020) ("Plaintiff does not provide any information concerning his efforts to find counsel on his own nor does he explain why he cannot litigate the case without counsel").

Even if Mr. Genao had shown that he was unsuccessful in locating counsel on his own, the Court cannot conclude at this stage of the case that he has met the merits threshold. Mr. Genao alleges that the Defendants violated his Due Process rights while he was detained at GRVC. (ECF No. 46). Unlike sentenced inmates, pretrial detainees have a liberty interest in not being placed

in administrative segregation.  See Jones v. N.Y.C. Dep't of Corr., No. 21 Civ. 2145 (LTS), 2021 WL 1535381, at *3 (S.D.N.Y. Ap 19, 2021) (citing Benjamin v. Fraser, 264 F.3d 175, 190).  The "detainee's liberty interest in freedom from restraint is highly qualified and must be balanced against the state's [purpose] for restraining that liberty."  Benjamin, 264 F.3d at 188 (2d Cir. 2001).  The process that is due "turns on whether the conditions were imposed for punitive or administrative reasons."  Megginson v. Stukes, No. 21 Civ. 10689 (LTS), 2022 WL 596367, at *3 (S.D.N.Y. Feb. 28, 2022).

The Court concludes that it is still too early in this action to "determine whether [Mr. Genao]'s claim 'is likely to be of substance.'"  Pearson v. Gesner, 21 Civ. 5670 (PMH), 2021 WL 4949221 at *2 (S.D.N.Y. Sep. 20, 2021) (quoting Hodge, 802 F.2d at 61–62).  This action is still in its early stages, and "it is difficult to determine from the allegations in the [Amended] Complaint alone whether [Mr. Genao] has some chance of success."  Kouakou v. Fideliscare – NY, No. 11 Civ. 6714 (RJS) (DCF), 2012 WL 13210270 at *2 (S.D.N.Y. Aug. 8, 2012).

Accordingly, the Court denies the Application without prejudice.  Mr. Genao may renew his request for the appointment of pro bono counsel if he can demonstrate that he has attempted to find counsel on his own and when the Court is better able to determine whether he is likely to have some chance of success on his claims.

Mr. Genao is advised that he may seek assistance from the New York Legal Assistance Group ("NYLAG").  Additional information can be found online at nylag.org/pro-se-clinic; by calling 212-659-6190; or by emailing info@nylag.org.  In addition, the United States District Court for the Southern District of New York has a Pro Se Intake Unit with information to assist individuals who are representing themselves in the Southern District without the assistance of

an attorney. Additional information can be found online at nysd.uscourts.gov/prose or by calling at 212-805-0175.

      B. **Response to Motion to Compel**

Defendants represent that Mr. Genao's response to the Discovery Demands was due by December 20, 2021. (ECF No. 77 at 2). The Court notes that is has already extended the fact discovery deadline in order to accommodate Mr. Genao (ECF No. 76), and that Mr. Genao failed to comply with the Court's directive to respond to the Motion by March 18, 2022. (ECF No. 78). Given his pro se status, to the extent Mr. Genao's response to the Discovery Demands remains outstanding, the Court EXTENDS his deadline, nunc pro tunc, to **Friday, April 29, 2022**. Further extensions of this deadline are unlikely to be granted.

The Court cautions Mr. Genao that notwithstanding his pro se status, he must comply with the Court's discovery orders. A persistent failure to comply with the Court's discovery orders may result in sanctions, up to and including dismissal with prejudice of his claims. See Valentine v. Museum of Mod. Art, 29 F.3d 47 (2d Cir. 1994) (collecting cases, and affirming dismissal of pro se litigant's action for failure to comply with discovery orders in accordance with Fed. R. Civ. P. 37(b)(2)); Griffith v. Stewart, No. 10-CV-6066 (BMC) (LB), 2011 WL 6780903, at *2–3 (E.D.N.Y. Nov. 10, 2011) (recommending dismissal after pro se litigant "missed four deadlines to respond to discovery requests and failed to abide by a [c]ourt order directing him to produce his responses"), adopted by 2011 WL 6812567 (E.D.N.Y. Dec. 27, 2011).

## IV. CONCLUSION

For the reasons stated above, the Application is DENIED WITHOUT PREJUDICE and Defendants' Motion to Compel is GRANTED to the extent that Mr. Genao must serve his response

to Defendants' Discovery Demands by **Friday, April 29, 2022**. The Clerk of Court is respectfully directed to close ECF Nos. 73 and 77, and to mail a copy of this Order to Mr. Genao at the address below.

Dated:     New York, New York          SO ORDERED.
               April 14, 2022

_____
**SARAH L. CAVE**
**United States Magistrate Judge**

Mail to:

Gabino Genao
ID# 113-17-00734
North Infirmary Command
15-00 Hazen Street
East Elmhurst, NY 11370